UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:09-CV-0934(MHS) |
| | ) |
| WERNER COMPANY, KELLER | ) |
| LADDER COMPANY, and | ) |
| KELLER INDUSTRIES, INC. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT WERNER COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, WERNER CO. (D.E.), improperly named in the Complaint as Werner Company, by and through its attorneys, and for its Answer to Plaintiff's Complaint, denies all allegations that are not specifically admitted herein, and further answers as follows:

1.

This Answering Defendant admits the allegations contained in Paragraph 1.

2.

This Answering Defendant admits the allegations contained in Paragraph 2.

3.

This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies the same.

4.

This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies the same.

5.

This Answering Defendant admits the allegations contained in Paragraph 5.

6.

This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies the same.

7.

This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies the same.

8.

This Answering Defendant admits the allegations contained in Paragraph 8 only insofar as applied to this Answering Defendant. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation it pertains to any other named Defendant, and on that basis denies the same.

## COUNT I: JURISDICTION

9.

This Answering Defendant repeats and re-alleges as if fully set forth herein, each admission, denial and affirmative defense set forth in Paragraphs 1 – 8 of this Answer.

10.

This Answering Defendant admits the allegations contained in Paragraph 10 only insofar as applied to this Answering Defendant. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegation it pertains to any other named Defendant, and on that basis denies the same.

11.

This Answering Defendant denies the allegations contained in Paragraph 11.

12.

This Answering Defendant admits only that, upon information and belief, the accident at issue occurred in the Northern District of Georgia, and that the Plaintiff is a resident thereof. All remaining allegations of Paragraph 12 are denied.

## COUNT II: GENERAL ALLEGATIONS

13.

This Answering Defendant repeats and re-alleges as if fully set forth herein, each admission, denial and affirmative defense set forth in Paragraphs 1 – 12 of this Answer.

14.

This Answering Defendant admits upon information and belief only that prior to 1996 Defendant Keller Industries, Inc., designed manufactured, distributed, and sold ladders, including the ladder at issue in this Complaint. This

10466955-1

4

Answering Defendant denies all remaining allegations of Paragraph 14 and affirmatively asserts that it did not exist prior to June 9, 2007.

15.

This Answering Defendant denies the allegations contained in Paragraph 15 as pled.

16.

Upon information and belief, this Answering Defendant admits the allegations contained in Paragraph 16.

17.

This Answering Defendant, upon information and belief, admits only that the ladder at issue in this litigation was manufactured and sold by Keller Industries, Inc., a bankrupt entity. This Answering Defendant denies all remaining allegations of Paragraph 17.

18.

This Answering Defendant denies the allegations of Paragraph 18.

19.

This Answering Defendant, upon information and belief, admits only that Plaintiff suffered injuries in a fall from a ladder. This Answering Defendant

specifically denies the allegations of Paragraph 19 as to the nature and extent of those injuries and denies all allegations of Paragraph 19 not specifically admitted.

20.

This Answering Defendant admits only upon information and belief, that Plaintiff was using a ladder manufactured and sold by Keller Industries, Inc., at the time of the accident at issue in this Complaint. This Answering Defendant denies all remaining allegations of Paragraph 20.

21.

This Answering Defendant, upon information and belief, admits only that Plaintiff sustained injuries resulting from a fall from a ladder and that the damages alleged exceed $75,000 exclusive of attorney's fees and costs. All remaining allegations of Paragraph 21 are denied.

22.

This Answering Defendant denies the allegations of Paragraph 22.

23.

This Answering Defendant denies the allegations of Paragraph 23.

24.

This Answering Defendant denies the allegations of Paragraph 24.

## COUNT III: NEGLIGENCE

25.

This Answering Defendant repeats and re-alleges as if fully set forth herein, each admission, denial and affirmative defense set forth in Paragraphs 1 – 24 of this Answer.

26.

This Answering Defendant denies the allegations of Paragraph 26.

27.

This Answering Defendant denies the allegations of Paragraph 27.

28.

This Answering Defendant denies the allegation of Paragraph 28, including but not limited to sup-parts (a)-(u).

29.

This Answering Defendant, upon information and belief, admits only that Plaintiff was injured as a result of his fall from a ladder.  This Answering Defendant denies all remaining allegations of Paragraph 29.

## COUNT IV: STRICT LIABLITY

30.

This Answering Defendant repeats and re-alleges as if fully set forth herein, each admission, denial and affirmative defense set forth in Paragraphs 1 – 29 of this Answer.

31.

This Answering Defendant denies the allegations of Paragraph 31.

32.

This Answering Defendant denies the allegations of Paragraph 32.

33.

This Answering Defendant denies the allegations of Paragraph 33.

34.

This Answering Defendant denies the allegations of Paragraph 34.

## COUNT V: BREACH OF WARRANTY

35.

This Answering Defendant repeats and re-alleges as if fully set forth herein, each admission, denial and affirmative defense set forth in Paragraphs 1 – 34 of this Answer.

36.

This Answering Defendant denies the allegations of Paragraph 36.

37.

This Answering Defendant denies the allegations of Paragraph 37.

38.

This Answering Defendant denies the allegations of Paragraph 38.

39.

This Answering Defendant denies the allegations of Paragraph 39.

## COUNT VI: PUNITIVE DAMAGES

40.

This Answering Defendant repeats and re-alleges as if fully set forth herein, each admission, denial and affirmative defense set forth in Paragraphs 1 – 39 of this Answer.

41.

This Answering Defendant denies the allegations of Paragraph 41.

42.

This Answering Defendant denies the allegations of Paragraph 42.

## **AFFIRMATIVE DEFENSES**

1.

Plaintiff's Complaint fails, in whole or in part, to state a cause of action against Defendant upon which relief may be granted by the Court.

2.

Plaintiff's injuries and damages, if any, were solely or partly the proximate result of his own negligence and/or contributory negligence.

3.

No act or omission of Defendant was the proximate cause of Plaintiff's injury or alleged damages.

4.

Plaintiff's injuries and damages, if any, were solely or partly the result of acts or omissions on the part of persons or entities other than Defendant, who were not under the control of Defendant.

5.

Plaintiff's injuries and damages, if any, were the direct and proximate result of misuse or abuse of the product in question.

6.

Plaintiff's claims may be barred in whole or in part to the extent that it is determined the product at issue may have been materially changed or altered after leaving the manufacturer's possession.

7.

Plaintiff's injuries and damages, if any, were the proximate cause of his failure to use reasonable care for his own safety.

8.

Plaintiff's claims may be barred, in whole or in part, by his assumption of risk of utilizing the subject product contrary to the warnings and instructions provided with and/or on the subject product.

9.

The product at issue was subjected to abnormal and/or unintended use that was unreasonable and not foreseeable by Defendant and for which Defendant is not liable.

10.

If Plaintiff contends that the subject product was defective because of inadequate design or construction, Defendant is not liable because the plan or design for the subject product, or the methods and techniques of manufacturing,

10466955-1

inspecting, testing, and labeling the product, conformed with the state of the art at the time the product was first sold by Defendant.

11.

Plaintiff's claims are barred, in whole or in part, because the product at issue herein, at all times material hereto, conformed with applicable standards and specifications, as well as available technological, scientific, and industrial state of the art applicable to such products.

12.

At all times and in all ways pertinent to the subject matter of this lawsuit, Defendant conducted its affairs in a safe and lawful manner, adhering to state and federal guidelines, laws and regulations, industry standards, rules and regulations, manufacturer's instructions, warnings, labels, and accepted practices in its industry, both locally and nationally, and Defendant was free from fault, negligence, gross negligence, strict liability, or any other culpable conduct.

13.

Some or all of Plaintiffs' claims are barred by the statute of repose.

14.

Plaintiff's Complaint fails to state a claim for punitive damages, and, therefore, such claim should be dismissed. Furthermore, Defendant asserts that

10466955-1

any award of punitive damages based on anything other than its conduct that is the subject of this lawsuit would violate the Due Process clause of the Fourteenth Amendment to the United States Constitution and the Due Process provisions of the Georgia Constitution and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same alleged wrong. Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Georgia law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Defendant's Due Process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Due Process provision of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia. Further, an award of punitive damages under Georgia law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, would violate Defendant's Due Process rights guaranteed by the Due Process provisions of the Georgia Constitution, and it would be improper under the common law and public policies of the State of Georgia. Further, an award of

punitive damages under Georgia law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size of punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of crimes and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Defendant's Due Process and Equal Protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the provisions providing for Due Process and Equal Protection under the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia. Finally, any award of punitive damages based on anything other than Defendant's conduct that is the subject of this lawsuit would violate the Due Process clause of the Fourteenth

Amendment to the United States Constitution and the Due Process provisions of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same alleged wrongs.

15.

Defendant has stated only those defenses that are applicable to Plaintiff's claims as pled in the Complaint, and only those that are known or anticipated at the time of this Answer. Should investigation and discovery reveal additional claims, and/or the basis for additional defenses, Defendant reserves its right to amend this Answer and to assert such additional defenses.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant respectfully requests:

(1) that the Court order that Plaintiff take nothing on the claims asserted against this Defendant;

(2) that the Court dismiss Defendant from this action;

(3) that Defendant be awarded its reasonable costs and fees incurred herein; and

(4) that Defendant be awarded such further relief as it may show itself to be justly entitled.

Respectfully submitted this **12th** day of **June, 2009**.

**HAWKINS & PARNELL, LLP**

*/s/ M. Elizabeth O'Neill*

4000 SunTrust Plaza
303 Peachtree Street
Atlanta, GA 30308-3243
E: eoneill@hplegal.com
E: lyoung@hplegal.com
T: (404) 614-7400
F: (404) 614-7500

M. Elizabeth O'Neill
Georgia Bar No. 058163
H. Lane Young
Georgia Bar No. 781950
*Counsel for Defendant*
*WERNER CO. (D.E.), improperly named in*
*the Complaint as Werner Company*

10466955-1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JONATHAN GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-CV-0934(MHS) |
| | ) | |
| WERNER COMPANY, KELLER LADDER COMPANY, and KELLER INDUSTRIES, INC. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 5.1(B) and 7.1(D), NDGA., I hereby certify that **DEFENDANT WERNER COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was prepared with Times New Roman 14 point font.

Respectfully submitted this **12**<sup>th</sup> day of **June, 2009**.

                                 **HAWKINS & PARNELL, LLP**

                                 */s/ M. Elizabeth O'Neill*
                                 _____

| | |
|---|---|
| 4000 SunTrust Plaza | M. Elizabeth O'Neill |
| 303 Peachtree Street | Georgia Bar No. 058163 |
| Atlanta, GA 30308-3243 | H. Lane Young |
| E: eoneill@hplegal.com | Georgia Bar No. 781950 |
| E: lyoung@hplegal.com | *Counsel for Defendant* |
| T: (404) 614-7400 | *WERNER CO. (D.E.), improperly named in* |
| F: (404) 614-7500 | *the Complaint as Werner Company* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-CV-0934(MHS) |
| ) | |
| ) | |
| WERNER COMPANY, KELLER ) | |
| LADDER COMPANY, and ) | |
| KELLER INDUSTRIES, INC. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing **DEFENDANT WERNER COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system that automatically sent email notification of such filing to the attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via the Court's CM/ECF System:

Roger W. Orlando
roger@OrlandoFirm.com

10466955-1

A copy of the foregoing was served on the following by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

>Paul Kaulas
>McVey & Parsky, LLC
>30 N. LaSalle Street
>Suite 2100
>Chicago, Illinois  60602

Respectfully submitted this **12th** day of **June, 2009**.

>HAWKINS & PARNELL, LLP
>
>/s/ M. Elizabeth O'Neill
>_____
>M. Elizabeth O'Neill
>Georgia Bar No. 058163
>H. Lane Young
>Georgia Bar No. 781950
>*Counsel for Defendant*
>*WERNER CO. (D.E.), improperly named in*
>*the Complaint as Werner Company*

4000 SunTrust Plaza
303 Peachtree Street
Atlanta, GA 30308-3243
E: eoneill@hplegal.com
E: lyoung@hplegal.com
T: (404) 614-7400
F: (404) 614-7500

10466955-1