## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

| | | |
|---|---|---|
| **JONATHAN GRAHAM,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | **CIVIL ACTION FILE** |
| **v.** | } | |
| | } | **No.  1:09-CV-0934(MHS)** |
| **WERNER COMPANY, KELLER LADDER** | } | |
| **COMPANY and KELLER INDUSTRIES, INC.** | } | |
| | } | |
| **Defendants.** | } | |

## MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT

**COMES NOW**, Plaintiff Jonathan Graham, by and through his counsel of record, **The ORLANDO Firm, P.C.**, and hereby files this Motion for Leave to Amend, showing this Honorable Court as follows:

1.

Plaintiff seeks Leave of Court to Amend his Complaint pursuant to **Fed. R. Civ. Pro. 15(a)(2)**.

2.

In the instant matter, absent such leave to amend, the harm to Plaintiff will be immense and irreparable.  In direct contrast, there is no real prejudice to Defendants by granting the within Motion.

3.

Defense counsel Alan Herman, Esq. is expected fully to confirm that he consented to a modification of the Complaint and to accept service of same several months back. **[SEE:  Affidavit of Roger W. Orlando, attached hereto.]** Importantly, there was no specified time period within which it was expected that such a modification would be filed (the modification itself basically is designed only to name correct parties to the lawsuit and these parties had full knowledge all along of their potential exposure or involvement in this case).[1] It was on this basis that undersigned counsel filed the Amended pleading February 26, 2010 without seeking leave of court beforehand.  That is, it was unexpected that defense counsel would suddenly withhold his previously freely given consent.

4.

**Fed. R. Civ. Pro. 15(a)(2)** provides that leave to amend should be freely given when justice so requires.  In this instance, there was an express agreement whereby defense counsel **CONSENTED** to the planned Amended Complaint in this case.  At worst, there was confusion that developed when Plaintiff's counsel

---

[1]   I understand Mr. Herman now states that our agreement should be controlled by Paragraph 6(b) of the Joint Preliminary Report and Discovery Plan, but from this counsel's perspective, the anticipated Amended Complaint was not governed by the Joint Report as counsel had reached a separate and binding agreement for consent to Amend without any specified time frame attached.

relied upon this consent such as to not feel the need to rush or act rashly in filing the Amended Complaint.   Nonetheless, the consent was given, never withdrawn, and the new pleading is an accurate representation and manifestation of the consent agreement.  Furthermore, even in the absence of this consent agreement, permitting the requested amendment would promote justice and prevent the extreme prejudice which would adhere to Mr. Graham should the amendment not be permitted.

5.

Accordingly, Plaintiff respectfully requests that his Motion be **GRANTED.** Upon the Court's appropriate ruling, Plaintiff stands ready to plead its Amended Complaint instanter.

Respectfully submitted,

s/Roger W. Orlando

Roger W. Orlando
Georgia Bar No. 554295
The Orlando Firm, P.C.
315 W. Ponce de Leon Avenue, Suite 400
Decatur, Georgia   30030
(404) 373-1800