UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JONATHAN GRAHAM, } <br> } <br> Plaintiff, } <br> } <br> v. } <br> } <br> WERNER COMPANY, KELLER LADDER } <br> COMPANY and KELLER INDUSTRIES, INC. } <br> } <br> Defendants. } | CIVIL ACTION FILE <br><br> No. 1:09-CV-0934(MHS) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER and to QUASH

**COMES NOW**, Plaintiff Jonathan Graham, by and through his counsel of record, **The ORLANDO Firm, P.C.**, and hereby files his response to Defendants' Emergency Motion for Protective Order and to Quash, showing this Honorable Court as follows:

1.

INITIAL NOTE: To the extent that Defendants have offered a position that involves taking the subject deposition telephonically, or to have same take place in California, this party agrees and so stipulates to this condition.

2.

SUBSTANTIVE RESPONSE TO MOTION TO QUASH:    The Court's

1

attention is directed to the fact that the Defense previously consented to the filing of an Amended Complaint in this matter. This fact is highlighted as certain time periods (as established in this counsel's mind) in this somewhat complex case were derailed when the defense withdrew its consent and the Court understandably drew matters toward a close.

3.

Following these recent Court rulings on the Amended Complaint and discovery issues in this case, along with the Court's *sui sponte* Order to Show Cause, Plaintiff has moved quickly to comply with this Court's Orders and to move this case forward in a more expeditious fashion. For instance, discovery responses were served promptly and service of certain defendants pursuant to Fed. R. Civ. Pro. 4(m) was made on an expedited basis. Lastly, a Rule 30(b)(6) Notice of Deposition was served prior to the close of the discovery time-table.

4.

While undersigned counsel now understands this Court's position regarding its denial of the filing of an Amended Complaint and the further extension of discovery, the Court is asked to recognize that undersigned counsel acted under a good faith belief that discovery issues would be tackled in a more succinct and efficient fashion once the issues "cleaned up" by way of the Amended Complaint were settled. By its last Order,

this Court rightfully permitted certain items of discovery to continue especially as benefits the Defendants. On one hand, the Defendants filed an opposition to this Court's "Show Cause" Order (regarding late service of process on Defendant "KLI") taking the position that permitting the lawsuit to continue would cause them prejudice because of a lack of discovery. On the other hand, Defendants opposed any attempt to extend discovery.

In this instance, the Court is asked to appreciate that not permitting the Defendants' corporate representative's Rule 30(b)(6) deposition to take place would prejudice the Plaintiff's ability to present any meaningful case at trial. Additionally, permitting this deposition may serve to shorten the time necessary to try this matter. Without this opportunity, securing Defendants' corporate representative's testimony may involve an examination that encompasses questions normally eliminated by means of a discovery deposition first. That is, Plaintiff wishes to avoid "discovery type" questions in his trial examination of any defense representative - - preferring instead to present a concise examination that remains brief and to the point.[1]

5.

Rule 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party or witness from annoyance,

---

[1] With the further goal of avoiding this Court's ire.

embarrassment, oppression, or undue burden or expense. Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if: (i) the discovery sought is unreasonably cumulative or is obtainable from a more convenient or less burdensome or expensive source; (ii) the party seeking the discovery has had ample opportunity to obtain the information; or (iii) the discovery is unduly burdensome or expensive taking into account the circumstances of the particular case.  A court may grant a protective order prohibiting the taking of a deposition when it believes the information sought is wholly irrelevant to the issues or to prospective relief. *Pintos v. Pacific Creditors Ass'n,* 504 F.3d 792, 801 (9th Cir. 2007).  None of these circumstances apply to the instant case as has been shown above. The Plaintiff was operating under a mistaken belief that the parties had previously agreed on the filing of an amended complaint, adding parties and discovery matters. The discovery being sought by Plaintiff is neither cumulative, burdensome or expensive.

Protective orders are entered for "good cause."  The good cause analysis examines whether the need for the discovery outweighs the burdens and costs of production.  Relevant factors include the specificity of the request, the information that is or should be available from other sources, predictions of the importance of the information, the importance of the issues at stake, and the parties resources. *The*

4

*2006 Amendment to the Advisory Committee Note to Rule* 26(b)(2).

Rule 26(c) lists eight kinds of protective orders. Defendants are proposing this court enter one of the first two categories of protective orders enumerated in Rule 26(c). Defendants first seek an order that discovery not be had. Rule 26(c)(1)(A) allows the court to order that the automatic disclosure or requested discovery not occur. Such orders are occasionally entered with respect to interrogatories or document requests, since the court can examine the requests. Such orders are rarely granted with respect to depositions. *Simmons Foods, inc. v. Willis,* 191 F.R.D. 625, 630 (D. Kan. 2000). Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sough against the burden of providing it, and taking into account society's interest in furthering the truth seeking function. *Patterson v. Avery Dennison Corp.,* 281 F3d 676, 681-82 (7th Cir. 2002). The burden asserted by defendants here is not outweighed by the prejudice that would be visited upon Plaintiff if the deposition of defendant's representative is quashed.

Alternatively, defendants seek a protective order limiting the proposed deposition to specified terms and conditions. *Rule* 26(c)(1)(B). As stated in

taken telephonically or taken at defendant's place of business in California.

6.

The decision to permit the requested deposition to proceed rests in the sound discretion of this Honorable Court.  L.R. 26.2(B).

7.

Accordingly, Plaintiff respectfully prays that this Court permit the Rule 30(b)(6) deposition Noticed within the actual discovery period to proceed.

Respectfully submitted,

s/Roger W. Orlando

Roger W. Orlando
Georgia Bar No. 554295
The Orlando Firm, P.C.
315 W. Ponce de Leon Avenue, Suite 400
Decatur, Georgia  30030
(404) 373-1800